IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JOHN J. GREGORIOU
128 N. Main Street
Hartford, WI 53027,

    Plaintiff,

    vs.

Case No.: 17-cv-18

CITY OF HARTFORD, WISCONSIN
109 N Main Street
Hartford, WI 53027,

    Defendant.

## COMPLAINT

## INTRODUCTION

1. This is an action against the City of Hartford, Wisconsin (hereinafter "Defendant") for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.*, and the Wisconsin wage law, Wis. Stat. § 109.01, *et seq.*

2. This action alleges that Defendant maintained an unlawful policy of not compensating Plaintiff John J. Gregoriou for on-call time, 29 C.F.R. § 785.17 and DWD § 272.12, where Plaintiff was required to remain on call, so close to the employer's premises that he could not effectively use the time for his own purposes.

3. Through his claims, Plaintiff seeks compensation for all uncompensated work and other forms of relief including all penalties, liquidated damages, and other damages permitted by law; all other forms of relief permitted by law; and reasonable attorneys' fees and costs.

1

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction under 29 USC § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201, *et seq.*

5. This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other such claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

6. The Eastern District of Wisconsin has personal jurisdiction over Defendant because it maintains facilities within the District, performs work in the District, is located in the District, and is subject to jurisdiction within the District.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) & (d) because Defendant is a municipal corporation subject to personal jurisdiction within the District at the time this action is being commenced.

## PARTIES

8. City of Hartford, Wisconsin is a political subdivision of the State of Wisconsin, located in Washington County, Wisconsin. The City maintains a number of departments, including the City's Fire and Rescue Department.

9. The City of Hartford is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(C) and is a employer within the meaning of 29 U.S.C. § 203(d) and Wis. Stat. §§ 103.001 and 104.01.

10. John J. Gregoriou, the Plaintiff, is an adult resident of the City of Hartford. Gregoriou was employed as a fire fighter and emergency medical technician ("EMT") by Defendant within the time period prescribed by the applicable statute of limitations.

11. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e) and Wis. Stat. §§ 103.001(5) and 104.01(2).

12. Plaintiff brings these claims on behalf of himself. Gregoriou's consent form is attached and incorporated as Exhibit A to this complaint.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by the City of Hartford in approximately November 2014 to work in its Fire and Rescue Department.

14. Among the reasons Gregoriou was hired and recruited by the City, was the fact that he lives approximately two blocks from the City's police and rescue station at 111 W. Wisconsin Street. Because he lives so close to the fire station, he was able to respond to calls quickly.

15. While employed by the City, Gregoriou would sign up to be "on call" for fire and rescue calls.

16. The City maintained written policies for fire and rescue employees that required that they respond "immediately" to fire and rescue calls that occurred while he was "on call."

17. As the written policies were applied to Gregoriou, he was expected to respond to fire and rescue calls within one to five minutes.

18. During the periods where he had signed up to be "on call" Gregoriou would frequently respond to fire and rescue calls and responded within the five minute window set by the City.

19. Due to the application of the City's response policies, written and unwritten, Gregoriou was unable to effectively use time while "on call" for his own purposes.

20. Defendant fails to pay employees for all hours of work performed by their employees, where it failed to pay Gregoriou for on-call time.

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME AND MINIMUM WAGE
### COMPENSATION IN VIOLATION OF THE FLSA

21. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

22. The FLSA requires each covered employer to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours per workweek.

23. The FLSA requires each covered employer to compensate all nonexempt employees at a rate not less than the federal minimum wage for all hours worked.

24. The FLSA requires each covered employer to compensate all nonexempt employees who are required to remain on call on the employer's premises or so close thereto that they cannot use the time effectively for their own purposes. 29 C.F.R. § 785.17; *see also* 29 C.F.R. § 785.14.

25. During the applicable statute of limitations, Plaintiff performed work for which he received less than the federal minimum wage, including time being "on-call."

26. During the applicable statute of limitations, Plaintiff performed work in excess of forty (40) hours per week without receiving overtime compensation, including, but not limited to, time spent working by being "on-call."

27. These practices violate the FLSA including but not limited to, 29 U.S.C. §§ 206, 207, and have caused, Plaintiff to have suffered wage losses.

28. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime and minimum wage compensation in violation of the FLSA.

**SECOND CLAIM FOR RELIEF:
FAILURE TO PAY OVERTIME AND MINIMUM WAGE
COMPENSATION IN VIOLATION OF WISCONSIN LAW**

29. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

30. The foregoing conduct, as alleged, violates Wis. Stat. § 103.03, Wis. Stat. §104.02, and Wisconsin Administrative Code DWD §§ 272.03 and 274.03.

31. Wisconsin Statute § 103.02 and Wisconsin Administrative Code DWD § 274.03 require an employer to pay overtime compensation to all non-exempt employees. Plaintiff is not exempt from overtime pay requirements under Wisconsin law.

32. Wisconsin Statute § 104.02 and Wisconsin Administrative Code DWD § 274.03 require an employer to pay employees at least the minimum wage.

33. Wisconsin Administrative Code requires employers to treat employees who are required to remain on call on the employer's premises or so close thereto that they cannot use the time effectively for their own purposes as working while "on call." DWD § 272.12(2)(b)4.

34. At all relevant times, Defendant had a policy and practice of failing and refusing to pay overtime wages to Plaintiff for his hours worked in excess of forty (40) hours per workweek, once unpaid "on call" time was included.

35. During the applicable statute of limitations, Plaintiff performed work for which he received less than the Wisconsin minimum wage, including unpaid "on call" time.

36. As a result of Defendant's willful failure to pay overtime due to Plaintiff, Defendant has violated Wis. Stat. §§ 103.03, 104.03, and 109.03 and Wisconsin Administrative Code DWD §§ 272.03 and 272.12.

37. Plaintiff is entitled to recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

38. Plaintiff is entitled to recovery of damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03, and 109.03, and Wisconsin Administrative Code DWD §§ 272.03, 272.12, and 274.03 and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands the following relief:

   A. Award Plaintiff, his unpaid regular hourly rate of pay for hours of work up to forty hours per week and his unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

   B. Award an additional amount under federal law as liquidated damages, equal to the amount awarded in ¶A of this prayer for relief pursuant to federal law;

   C. Award an additional amount under Wisconsin state law in the amount of 50% of the amount of wages due and unpaid awarded in ¶A of this prayer for relief pursuant to state law;

   D. Award Plaintiff's attorneys their reasonable fees and costs of this action; and

   E. Grant Plaintiff all such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated this 4th day of January, 2017.

/s/ Nathan D. Eisenberg
Nathan D. Eisenberg (SBN 1030555)
Erin F. Medeiros (SBN 1097910)
THE PREVIANT LAW FIRM, S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
Telephone: 414-271-4500
Fax: 414-271-6308
nde@previant.com
efm@previant.com

Attorneys for Plaintiff